## ST. AMAND *vs.* LIZARDI ET AL.

APPEAL FROM THE PARISH COURT OF NEW-ORLEANS.

Where a cabin passenger is excluded therefrom, the owner of the vessel is responsible in damages.

The plaintiff paid for a cabin passage on board the defendants' schooner, bound from New-Orleans to Tampico, and having been compelled to remain on deck during the voyage, brought the present action to recover damages. There was judgement for the plaintiff in the court below, and the defendant appealed.

ST. AMAND
*vs.*
LIZARDI ET AL.

MARTIN, J., delivered the opinion of the court.

The plaintiff states he took his passage, as a cabin passenger, on board the defendants' schooner; that they put so much loading on board, that the plaintiff was excluded from the cabin, and a trunk of clothes and a chest of carpenter's tools, which he had with him, were kept on deck, exposed to the weather, not only during the passage, but a considerable time after the cargo was put on board of lighters off the bar of Tampico, whereby he suffered a great deal, and his clothes and tools were much injured.

The general issue was pleaded. There was judgement for the plaintiff, and the defendants appealed.

The plaintiff and appellee has complained that insufficient damages were given.

The testimony shows that the plaintiff contracted with the owners of the vessel, and paid for his passage in the cabin. It is true, when he came on board the master declared his inability to lodge him in the cabin, and proposed that he should forbear taking his passage on board, or stay with his baggage on deck. This cannot have absolved the owners from the obligation to accommodate the plaintiff in the cabin, with his baggage, and we cannot think the district judge erred in giving damages for the value of a chest of tools of the plaintiff, which was kept on deck, even after the vessel was partly unladen, and compelled to put to sea in a storm, and which was finally thrown overboard, by order of the master.

Where a cabin passenger is excluded therefrom, the owner of the vessel is responsible in damages.

We have been requested to amend the judgement, by giving damages for some clothes of the plaintiff, which were lost. In this part of the case, the first judge has concluded the evidence did not enable him to ascertain the extent of the loss. We are without means of supplying this deficiency.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Parish Court be affirmed, with costs.

*Moreau* and *Soulé*, for appellants.
*Strawbridge*, for appellee.